IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SHANNON CASEY SARGENT**                                              **PETITIONER**

**V.**                            **CIVIL ACTION NO. 3:25-CV-00245-MPM-JMV**

**STATE OF MISSISSIPPI**                                          **RESPONDENT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court *sua sponte* for consideration of dismissal. A federal habeas corpus petition filed under 28 U.S.C. § 2254 was submitted on the *pro se* Petitioner's behalf by Sonja Therese Brown, whom Petitioner gave power of attorney authority, *see* Doc. 11, and she signed his petition in that capacity. *See* Doc. #s 1, 9. A party in federal court, however, must proceed either through a licensed attorney or on his or her own behalf, *see* 28 U.S.C. § 1654, and a non-attorney may not sign any document in this action on Petitioner's behalf, regardless of whether she has been appointed power of attorney or that she signs with Petitioner's knowledge and authorization. *See* Fed. R. Civ. P. 11(a). Moreover, "a power of attorney does not authorize a non-attorney to file legal documents on behalf of others." *U.S. v. Musgrove*, 109 F.3d 766, 766 (5th Cir. 1997) (citations omitted). Ms. Brown is not licensed to practice law and, consequently, her signature on Petitioner's pleadings does not satisfy the requirements of Rule 11 of the Federal Rules of Civil Procedure.

Given these circumstances, the Court entered an Order directing Petitioner to show cause why his case should not be dismissed without prejudice for his failure to sign his pleadings as required under applicable authority. Doc. # 12. The Order warned Petitioner that his "failure to respond will result in the dismissal of this action without prejudice for failure to prosecute and obey an order of the Court under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* Petitioner responded to the motion by regurgitating the same arguments made in his previous filings and submitting another habeas petition, *still unsigned* by Petitioner. *See* Doc. #s 15, 16. The deadline for complying with

the Court's directives or otherwise submitting a signed habeas petition has passed. The instant action is, therefore, **DISMISSED without prejudice** for Petitioner's failure to prosecute and obey an order of the Court. Any pending motions are hereby **TERMINATED.**

    **SO ORDERED**, this the 2nd day of October, 2025.

        /s/Michael P. Mills
        UNITED STATES DISTRICT JUDGE
        NORTHERN DISTRICT OF MISSISSIPPI